McDONALD et al. v. McFADDEN.—118 S. W. (2d) 895.

Eastern Section. April 16, 1938.

Petition for Certiorari denied by Supreme Court, July 2, 1938.

Phillips & Hale, of Rogersville, for plaintiff in error.
J. A. Thompson, of Rogersville, for defendants in error.

McAMIS, J. This case is improperly styled as in the circuit court, the defendant below, Sallie McFadden, Administratrix, hav-

ing appealed from a judgment in favor of the plaintiffs below, J. H. McDonald et al.

The action herein is upon a promissory note executed by defendant's intestate, W. H. Armstrong, on April 22, 1931. The administratrix interposed a plea of the statute of limitations of six years, Code 1932, section 8600, and also the statute (Code, Section 8225) requiring suits to be brought against personal representatives within eighteen months from the date of qualification. It is now conceded that the circuit judge correctly overruled the plea of the statute of limitations of six years but it is insisted as the sole ground for reversal that the proof shows prima facie that more than eighteen months elapsed between the date of defendant's qualification as administratrix and the institution of his suit and that, there being no proof when the administratrix qualified, the court should have held that the burden of proof rested upon plaintiff to show that suit was brought within eighteen months after the qualification of the administratrix.

█ The proof consists of the testimony of one of the plaintiffs who stated that W. H. Armstrong died in 1935 or 1936. The exact date of his death does not appear. This suit was instituted on May 17, 1937. This is all the evidence reflecting in any manner upon defendant's plea of the statute of limitations of eighteen months. We think it not sufficient to establish prima facie that suit was not brought within eighteen months after the qualification of the administratrix.

The statute begins to run only after the appointment and qualification of a representative subject to be sued (see Code, Section 8225) and the date of the death of the intestate is not involved as a material issue under defendant's plea. The date of the qualification of the administratrix not appearing, the bar of the statute was not prima facie established by the mere showing that defendant's intestate may have died more than eighteen months prior to the institution of suit.

█ It is not insisted, as we understand, that, except for a prima facie showing that the claim had become barred at the time of the institution of suit, the burden of proof would rest upon plaintiff to show that the claim sued upon was not barred by the statute. In any event, as was clearly intimated, though not expressly so held, in O'Neal's Sureties v. State, 10 Lea 727, we think the burden of proof rested upon defendant to show the date of her qualification and that the claim sued upon fell within the protection of the statute. This is a matter with which she should have been more familiar and could have more easily established than the plaintiff and, the plea of the statute being in the nature of a plea of confession and avoidance, the burden of proof was upon her to establish the essential facts necessary to make out a bar.

See Jones et al. v. Coal Creek Mining & Mfg. Co., 133 Tenn. 159, 180 S. W. 179, and the opinion upon petition for a rehearing reported at page 183 of the same volume, 180 S. W. 991.

We find no error in the judgment below and it results that the assignment of error must be overruled and the judgment below affirmed, with costs.

Portrum and Ailor, JJ., concur.